UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

               Plaintiff,

      -against-

THE BLACKSTONE GROUP; ELIJAH
SMALLS; JULIA RODRIGUEZ,

             Defendants.

23-CV-7832 (LTS)

ORDER OF DISMISSAL AND ORDER TO
SHOW CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question

jurisdiction, 28 U.S.C. § 1331, alleging that Defendants violated his rights. By order dated

September 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"),

that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses

this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this suit against his landlord, the Blackstone Group; Elijah Smalls, the building superintendent; and Julia Rodriguez, the assistant building superintendent. Plaintiff alleges that Defendants have "sabotaged [his] lawsuits by stealing [his] legal mail, and . . . flood[ing] [his] apartment to damage [his] files." (ECF 1 at 9.) According to Plaintiff, Defendants stole "a time-sensitive 126-page document sent to [him] by the Supreme Court of the United States on 7-21-2023." (*Id.*) Plaintiff's allegations also include the following:[1]

> The President of the United States blames CIA black operations, as enforcers of the Deep State, for planting the explosives that demolished the twin towers on 9/11; placed Robert Mueller as Director of the FBI five (5) days before to cover-

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

up the crime; trashed the U.S. Constitution and created a Stasi-like police-state;
CIA units in each police agency to control them; uses the code word
"counterterrorism" for gang-stalking against millions of individuals on "watch-
lists"; a secret and omnipotent court called Foreign Intelligence Surveillance
Court; $1-trillion yearly to finance these crimes; the news media to disinform and
indoctrinate; zero due process of law; no-fly list; defamations in our community,
schools, jobs and churches; entrapment in criminal cases; kidnappings, torture,
and murders; sabotage and attacks during our medical services; sabotage of our
finances; and using children of drug addicts as bait to fabricate pedophilia
indictments.

(*Id.* at 8.)

## DISCUSSION

### A.    Section 1983 claims

Because Plaintiff invokes the court's federal question jurisdiction, the Court construes his

claims as arising under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts

showing that each defendant acted under the color of a state "statute, ordinance, regulation,

custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the

statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn.*

*Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of*

*Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the

Government, not private parties.").

As Defendants Blackstone Group, Elijah Smalls, and Julia Rodriguez are private parties,

Plaintiff has not stated a claim against these defendants under section 1983.[2]

### B.    Leave to Amend Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[2] Plaintiff allegations regarding federal agencies and actors are implausible and do not
provide a basis for a finding of liability against the named Defendants.

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## C.    Litigation history and order to show cause

Plaintiff has previously sued the Blackstone Group, Smalls, and Rodriguez and alleged that, due to their interference with his mail, his legal matters are being compromised; he has also filed multiple other cases that were dismissed as frivolous, for failure to state a claim, or for lack of subject matter jurisdiction. *See e.g., Torres v. U.S. Court of Appeals for the Second Circuit*, ECF 1:22-CV-2774, 4 (S.D.N.Y. June 21, 2022) (dismissing complaint for lack of subject matter jurisdiction); *Torres v. U.S. Dep't of Justice*, ECF 1:21-CV-8427, 10 (S.D.N.Y. Feb. 1, 2022) (dismissing second amended complaint), *aff'd*, 22-0362 (2d Cir. July 7, 2022) (dismissing the appeal as frivolous); *Torres v. New York Legal Assistance Grp,*, ECF 1:20-CV-6396, 4 (S.D.N.Y. Sept. 24, 2020) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i)), *aff'd*, No. 20-3383 (2d Cir. Mar. 24, 2021); *Torres v. Bellevue South Assocs. L.P.*, ECF 1:16-CV-2362, 455 (S.D.N.Y. Apr. 21, 2021), *aff'd*, No. 21-1313 (2d Cir. Oct. 12, 2021) (dismissing appeal as frivolous); *Torres v. The Blackstone Grp.*, ECF 1:18-CV-6434, 30 (S.D.N.Y. Sept. 30, 2019) (dismissing complaint for lack of subject matter jurisdiction), *aff'd* No. 19-3202 (2d Cir. Jan. 29, 2021); *Torres v. NYC Police Dep't*, ECF 1:16-CV-3437, 47 (S.D.N.Y. Apr. 21, 2021), *aff'd*, No. 21-1314 (2d Cir. Oct. 12, 2021) (dismissing appeal as frivolous). He has been warned on at least two prior occasions that a filing injunction could be imposed if he continued to engage in this this pattern of vexatious litigation. *Torres v. The Blackstone Grp.*, ECF 1:23-CV-0123, 4, at 6 (S.D.N.Y. Jan. 13, 2023), No. 23-138 (2d Cir. Aug. 10, 2023) (dismissing appeal as frivolous); *Torres v. U.S. Dep't of Justice*, ECF 1:23-CV-0945, 5 (S.D.N.Y. May 1, 2023), *appeal pending* (2d Cir.).

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this court without prior permission. A declaration form is attached to this order.

The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 7, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Attach additional pages and documents if necessary.

_____
Executed on (date)                          Signature

_____          
Name                                         Prison Identification # (if incarcerated)

_____          
Address                        City          State       Zip Code

_____          
Telephone Number (if available)              E-mail Address (if available)

Page 2