UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO TORRES,

                Plaintiff,

-against-

THE BLACKSTONE GROUP, ET AL.,

                Defendants.

23-CV-7832 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff is proceeding in this action *pro se* and *in forma pauperis* ("IFP"). By order dated December 7, 2023, the Court: (1) dismissed the action for failure to state a claim; (2) directed Plaintiff to show cause by declaration, within 30 days of the date of that order, why the Court should not bar him, under 28 U.S.C. § 1651, from filing any further civil action in this court without first obtaining permission to do so; and (3) alerted Plaintiff that the bar order would issue if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause why it should not issue. (*Id.* at 5.) The Court did not enter judgment terminating this action.

    On January 12, 2024, after the 30 days had elapsed, instead of filing a declaration, Plaintiff filed: (1) a notice of appeal, which does not identify the basis for Plaintiff's challenge to the December 7, 2023 order; and (2) an application for leave to proceed IFP on appeal. (ECF 5.) That same day, the Clerk's Office transmitted Plaintiff's submissions to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

A.    The Court retains jurisdiction of this matter

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted).

In addition, appellate jurisdiction is generally limited to final decisions of the district court. *See* 28 U.S.C. § 1291. Section 1291 provides, in relevant part, that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States." "Generally, a final decision is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Smathers*, 879 F.3d 453, 459 (2d Cir. 2018) (citing *United States v. Yalincak*, 853 F.3d 629, 636 (2d Cir. 2017)); *see also Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008) ("A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision.").

Plaintiff filed a notice of appeal in response to an order dismissing the complaint on the merits and directing him to show cause why a bar order should not issue. Such an order is not a final order. *See Smith v. New Haven Superior Court*, 3:20-CV-00744, 2020 WL 4284565, at *3

(D. Conn. July 27, 2020) ("Here, Petitioner filed a notice of appeal from the Court's order to show cause, which is a non-final order. . . ."); *Mitchell v. City of New* York, No. 17-CV-6258 (CM), 2018 WL 10049545, at *1 (S.D.N.Y. Apr. 9, 2018) ("Plaintiff filed a notice of interlocutory appeal in response to an order directing him to show cause, by filing a declaration within sixty days of that order, why the action should not be dismissed as untimely. . . . Plaintiff is attempting to appeal from a nonfinal order."). Thus, any appeal from that order is interlocutory. *See* 28 U.S.C. § 1292; *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529-30 (1988).

Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g.*, *Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction); *Gortat v. Capala Bros.*, Inc., No. 07-CV-3629 (ILG), 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."). Accordingly, this Court retains jurisdiction of this action.

B.     Imposition of bar order

In the December 7, 2023 order, the Court dismissed the complaint, and ordered Plaintiff to show cause why the bar order should not issue. As the Court retains jurisdiction over this case, and because Plaintiff has not filed a declaration to assert arguments against imposing the bar order, Plaintiff is barred, under 28 U.S.C. § 1651, from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

C.     IFP on appeal

Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." In its December 7, 2023 order, the Court

3

certified under Section 1915(a)(3) "that any appeal from [that] order would not be taken in good faith" (ECF 4, at 6), denying IFP for the purpose of an appeal, *see* 28 U.S.C. § 1915(a)(3). Because the Court has already decided that any appeal from the Court's December 7, 2023 order would not be taken in good faith, and Plaintiff has presented no compelling reason for the Court to reconsider that decision, the motion for leave to proceed IFP on appeal is denied. (ECF No. 5.)

## CONCLUSION

The Court bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file.[1] *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order. The motion for leave to proceed IFP on appeal is denied. (ECF 5 at 3.).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Now that a final order has issued, Plaintiff's appeal may proceed.

5

The Court directs the Clerk of Court to enter judgment dismissing this action, pursuant to Court's December 7, 2023 order.

SO ORDERED.

Dated:   January 23, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

5